Gaeuthebs, J.,
delivered tbe opinion of tbe court.
This is an action on tbe case by tbe defendant against tbe plaintiff in error, as sheriff of Davidson county, for a false return of an execution in bis favor, against one A. G. Goodlett, issued from tbe September Term of tbe circuit court, 1848. Tbe return was no property found. Tbe truth of this return is controverted, and tbe liability of tbe sheriff insisted upon, because tbe judgment of Thompson was upon an account for painting done on tbe bouse of Goodlett, in tbe city of Nashville, which, under the statutes in favor of mechanics, was a lien upon tbe said house and lot; and as such, ought to have been enforced by a levy and sale, although tbe said lot bad been sold and conveyed by Goodlett before tbe judgment.
Thompson sued in assumpsit for work and labor, and commenced bis action by summons against Goodlett, within the year tbe wort was done. He recovered a judgment for eighty dollars against Barnes in tbe circuit court. A motion for a new trial was overruled, and appeal in tbe nature of a writ of error to this court.
1. It is contended here that tbe sheriff was not liable as for a false return, although Goodlett may have had property in this county, or if tbe said bouse and lot was subject to this claim, under tbe mechanic’s lien, provided be used ordinary diligence and had no knowledge or notice of it; such we consider to be tbe law, as settled in the case of Trigg vs. McDonald, 2 Humph. 386; and "Watson on Office and duty of Sheriff, 119, (5 Law Lib., 143.) But this is a question of fact for tbe jury,- which was in this case found by them against the sheriff, under a correct charge of tbe law as above laid down, and we *315 cannot say there was no evidence to sustain them on that point.
2. It is insisted that the statutory lien given to mechanics, is upon the condition that a “special contract with the owner of the lot of ground ” is made by the mechanic or undertaker; for this is the wording of the statute. But we think it would be sticking in the bark to require any thing more than an employment and undertaking to do the work. To this effect in substance was the charge of the circuit judge, and we consider it a correct exposition of the act. The object of the legislature was to secure to an industrious, meritorious class of the community, the benefit of their labor; and the act should be so construed as to carry out this laudable purpose. The manifest intention and policy of the legislature should not be defeated by a too rigid construction of their language. So, if Mr. Thompson pursued the remedy given him by the statute to fix his lien, and the sheriff was aware of the liability of the lot, (which the jury have found to be so,) we would say that the verdict and judgment against him cannot be disturbed.
3. It is objected that the lien could only be maintained and enforced by an attachment in law or equity, and that a suit commenced and prosecuted in any other mode or form, is a waiver of the lien. If this be so, the lot was not liable to the execution of Thompson, and the sheriff is not culpable. The circuit judge charged the law differently, and in this we think there is error.
In the Act of 1825, ch. 37, by which the benefit of this lien was first given to mechanics, nor in the Acts of 1829, ch. 26 and 1835, ch. 40, by which its provisions are amended and enlarged, is there any thing said about the mode of enforcing it. No mention is made of a suit, but *316 in reference to tbe continuation of the lien. It shall continue for one year, and “until the decision of any suit that such mechanic may bring within that time.”
Under these acts of assembly, doubts were entertained at the bar and on the bench, both as to the proper form and mode of proceeding to be resorted to for the enforcement of the lien.' Tírese doubts were thrown out in the case of Foust vs. Wilson, 3 Humph., 33, decided in 1842. The legislature in 1846, ch. 118, Nich. Sup., 222, passed an act entitled “An Act to perfect the lien of mechanics, and to extend the same to journeymen and others.” This embraces and enlarges the provisions of all the other acts. The 3d section is in these words: “That the lien herein given may be enforced by attachment, either at law or in equity.” "We think this section was intended to clear up all doubts of the remedy. To secure the benefit of his advantage over all others who might have claims equally just against the same debtor, this particular creditor is required at the commencement of his action, to shew that he holds the property on which he has done the work, liable for his debt by attaching it. This is made necessary for the safety of others who may purchase or extend credit, and the officer in whose hands his final process may come for execution. Hie facts of this ease illustrate the propriety of the construction we have given the statute. Here there was nothing-in the execution in the hands of the sheriff, or the original process, or the proceedings in the case, to shew that the property in question was liable by virtue of a lien in favor of the plaintiff, as a mechanic. The officer was advised the lien was lost, and there was nothing on the record to guide him to a different conclusion. It is reasonable to conclude that it was the intention of the *317 legislature to avoid these and other difficulties, by requiring the favored creditor to commence his suit, either in law or equity, by attachment, if he' desired to rely upon his lien. It is as easy, direct .and simple, as a proceeding in the ordinary way. It can work no injury to him, and may avoid injustice and hardship to others. We do not say that the mechanic creditor may not proceed by summons, as in this case, but what we decide is, that the benefit of his lien can only be preserved by attachment. We might also remark in support of this view, that when the legislature say “that the lien hereby given may be enforced by attachment,” that as the word “may” is, to say the least of it, generally construed in statutes to have the same' meaning as the word “shall;” Salk., 609; Skinn., 370; Garth., 293; 3 Ark., 166, 282. It is in this act imperative, and the suit must be by attachment.
We are therefore of the opinion that the lot of Good-lett was not liable to be sold under the execution in favor of Thompson, by force of the lien of the latter as a mechanic, and consequently that the sheriff, Barnes, would not be liable in the action for a false return, because he did not levy upon and sell it.
The judgment of the court below is reversed, and the case remanded for a new trial, on which the law will be charged as above settled.