CONGER LUMBER & SUPPLY CO. v. WHITE et al.—66 S. W. (2d) 999.

Western Section.    August 15, 1933.

Petition for Certiorari denied by Supreme Court, December 9, 1933.

W. W. Herron, of Trenton, for appellant.

W. R. Landrum and Taylor, Adams & Freeman, all of Trenton, for appellees.

ANDERSON, J.   The complainant, Conger Lumber & Supply Company, on August 19, 1930, filed its original attachment bill in the chancery court of Gibson county against the defendants R. L. White and W. L. Dildine, alleging that the defendant White had entered into a contract with the defendant Dildine whereby the lat-

ter agreed to construct a dwelling house on a certain lot or parcel of land belonging to the defendant White and lying in the town of Trenton; that the defendant Dildine purchased from the complainant certain cement, lumber, brick, nails, and other materials which were used in the performance of his contract with the defendant White; and that there was a balance due the complainant of $267.31 on the purchase price of said materials as evidenced by sworn invoices filed as an exhibit to the bill. Complainant further alleged that he had a lien on said house and lot for the payment of the amount justly due it for said materials and prayed for an attachment to be issued and levied on said property and that its said lien be declared fixed and, if necessary, the said property be sold for the payment of the balance due on its said account. On the same day the bill was filed, the chancellor granted a fiat for the attachment, which was duly issued and levied on the property described in the bill. A subpoena to answer was likewise issued and service thereof accepted by the defendant R. L. White on the 21st day of August, 1930, service of a copy of the bill being by him waived. A subpoena to answer was also served on the defendant Dildine. The defendant Dildine answered, admitting the material allegations of the bill and that there was a balance due and owing the complainant of $267.31 for materials purchased by him from the complainant and used in the performance of his contract with the defendant White in the construction of said house.

The defendant White answered, admitting the ownership of the parcel of land described in the bill and that he had entered into a contract with Dildine to erect the building referred to therein and that a controversy had arisen between him and Dildine over the payment of the balance alleged to be due the latter on the contract price for the construction of said building. He disclaimed knowledge of the fact that any materials had been furnished by the complainant to Dildine and used in the performance of his contract, and averred that he was not indebted to the complainant in any amount, and further that, if the complainant had furnished the materials to Dildine to be used in the performance of his said contract, that the complainant did not give him the written notice required by statute of the fact that he claimed a lien by reason of having furnished said materials to the defendant Dildine, and hence that the complainant had no lien upon the property.

On June 23, 1930, prior to the filing of the original bill by the complainant, the defendant Dildine had filed in the same court his original bill against the defendant White, seeking to recover a balance of $1,273 alleged to be due him by White on the contract price for the erection of said building. Dildine claimed a lien on the same property and had procured an attachment to be issued and levied thereon. The defendant White had answered Dildine's bill, deny-

ing that he was entitled to recover anything on the ground that Dildine breached his contract in that he had substituted inferior materials practically throughout the building and that the house was not constructed in substantial compliance with the contract and specifications. He also sought a recovery by cross-bill against Dildine.

Other materialmen filed bills in the same court against Dildine and White claiming a lien for the price of materials furnished Dildine and used by him in the performance of his contract.

As required by statute, all of the suits were consolidated with the original suit filed by Dildine against White and heard together as one cause.

The proof indicates that on June 3, 1930, the complainant completed the delivery of the material purchased from it by Dildine and used by him in the performance of his contract.

Upon the hearing of the consolidated causes, the chancellor denied Dildine any recovery against the defendant White and adjudged that the building was not constructed in substantial compliance with the contract and that inferior materials and supplies were used in the construction thereof and ordered a reference on the cross-bill of White to ascertain whether or not he was entitled to a decree against the defendant Dildine for any sum as damages for breach of the contract in excess of the sum of $1,273, representing the amount of the contract price which White had refused to pay.

Based on the admission contained in the answers of the defendant Dildine, the chancellor awarded the complainant, Conger Lumber & Supply Company, a decree against Dildine for $267.30, the amount sued for. He decreed that the complainant, Conger Lumber & Supply Company, was not entitled to a lien on the property described in the bill for the reason that it had not, prior to the filing of the bill in this cause, and within the time prescribed by the statute, given written notice to the defendant White that it claimed a lien on said property by reason of having furnished the materials referred to, to the principal contractor. He accordingly dismissed the complainant's bill in so far as it sought any relief against White or the property, and discharged the attachment theretofore issued and levied thereon. From so much of the decree as denied its right to a lien and discharged the attachment and dismissed its bill as to the defendant White, the complainant, Conger Lumber & Supply Company, prayed and was granted an appeal to this court. None of the other parties appealed.

Four errors are assigned, but it is stated in the brief filed on behalf of the complainant that but one question is involved, i. e., whether the statutory notice was given by the complainant to the

defendant White of the complainant's claim of a lien on the property described in the bill.

The statutes pertinent to a discussion of the question involved are carried in Shannon's Code of 1917, at sections 3531 and 3540. These sections are as follows:

"3531.—There shall be a lien upon any lot of ground or tract of land upon which a house has been constructed, built, or repaired, or fixtures or machinery furnished or erected, or improvements made, by special contract with the owner or his agent, in favor of the mechanic or undertaker, founder or machinist, who does the work or any part of the work, or furnishes the materials or any part of the materials, or puts thereon any fixtures, machinery, or material, either of wood or metal, and in favor of all persons who do any portion of the work or furnish any portion of the material for the building contemplated in this section.

"3540.—Every journeyman or other person employed by such mechanic, founder, or machinist, to work on the buildings, fixtures, machinery or improvements, or to furnish material for the same, shall have this lien for his work or material; provided that, within thirty days after the building is completed, or the contract of such laborer, mechanic, or workman shall expire, or he be discharged, he or they shall notify, in writing, the owner of the property on which the building or improvement is being made, or his agent or attorney, if he reside out of the county, that said lien is claimed, and said lien shall continue for the space of ninety days from the date of said notice in favor of such subcontractor, mechanic, or laborer."

By chapter 35 of the Acts of 1927, the time was extended from thirty to ninety days within which the notice referred to in the latter section should be given.

The complainant does not allege in his bill that prior to the filing thereof it gave the notice required by statute; nor does it contend now that he did so. But it insists that the filing of its bill and the service of process within the prescribed period is sufficient compliance with the provision of the statute with respect to the giving of the notice. In support of its position, the complainant relies principally upon the case of Brantingham v. Beasley, 2 Tenn. App., 598, decided by the Middle Section of this court, January 15, 1926.

It is true that in the course of the opinion in that case, the court, speaking with reference to the act in question, said: "The requirement of the act that notice be given within thirty days after the completion of the building or the contract of the furnisher shall expire is complied with by institution of suit and service of process within that time, as was done in this case."

However, it is apparent from an examination of the opinion in that case that the above statement was not necessary to a disposition of the questions involved. In that case it appeared that Beasley and

son instituted a suit by attachment before a justice of the peace, against the American Confectionery Company, then the owner of the property in question. An attachment was issued and levied upon the property. The justice of the peace sustained the attachment for the amount of the claim and cost. Appeal was taken to the circuit court and the papers duly filed therein. The suit had been instituted within the period or time limit prescribed in the statute, but no statement for the amount due or materials furnished was ever filed with the county register as provided by chapter 103 of the Acts of 1889, Shannon's Code, section 3541. The materials for which claims were made were furnished by contract with one Yeamen as principal contractor, but he was not made a party to the attachment suit. On the trial in the circuit court before a jury, judgment was rendered for $322.87, which included interest, against the American Confectionery Company, as principal, and the surety on its appeal bond, and the attachment was sustained. In a day or two thereafter, a supplemental order was entered in the case, reciting, among other things, that the plaintiffs were entitled to enforce a mechanic's and furnisher's lien which they, as subcontractors, had and were entitled to enforce against the house and lot, they having furnished said material for the erection of said house for the defendant American Confectionery Company, and it was ordered that unless the judgment and cost should be paid within thirty days, the property should be sold in satisfaction of the judgment. Thereafter the original bill was filed by purchasers pendente lite to enjoin Beasley and son, the plaintiffs in the other suit, from proceeding to enforce said judgment and order of sale. Relief was asked in the bill by subsequent purchasers of the property, who had no actual knowledge of the pendency of the attachment proceeding in the circuit court or the claim of the lien. Aside from the question of laches, as grounds for the relief prayed in the bill, two alleged defects in the attachment proceeding were insisted upon: (1) That the principal contractor was not made a party to the suit; (2) that no statement of the claims of the lien was registered in the office of the county register.

So far as appears from the opinion, no question was made upon the failure of Beasley and son to give the required notice. This question could not have been made for the reason that it appeared that the principal contractor had given to Beasley and son an order upon the owner of the property for the amount claimed by Beasley and son and said order had been accepted by the owner. The suit of Beasley and son was not in fact a suit by a subcontractor then seeking to enforce a lien upon the property of the owner for materials furnished the principal contractor, in which case the notice required by statute would be necessary, but a suit by one who stood in the same relationship to the owner as did the principal contractor.

No notice of a claim of a lien is required to be given to the owner of the property by a principal contractor, and hence none was required of Beasley and son in the case referred to. Shannon's Code, section 3531. That part of the opinion of the court from which the foregoing is made clearly to appear is as follows:

"It is also insisted that this was a simple suit on account against the American Confectionery Company, and that the attempt to enforce a lien was an afterthought. It is true, according to the uncontradicted testimony, that the principal contractor gave to Beasley & Sons an order on the American Confectionery Company for the amount due them by contract with him, and it was accepted; that judgment was sought and obtained against that company, as well as attachment of the property. It is true that for want of privity a subcontractor is not entitled to personal judgment against the owner and must enforce his mechanic's lien by attachment. Taylor v. Lumber Co., 107 Tenn., 41 [63 S. W., 1130]; Lumber Co. v. Loeb, 110 Tenn., 260 [75 S. W., 1043]. But here was privity between the subcontractor and the owner by virtue of the accepted order, which constituted a promise by the owner to pay. This transformed the relation of the parties into that which would be sustained between a principal contractor and the owner. In such case, under section 5306 of Shannon's Code, the lien may be enforced by attachment at law or in equity, or by judgment and execution at law, to be levied on the property on which the lien is. In Lumber Co. v. Loeb, supra, it was held that the remedy 'by judgment and execution at law, to be levied on the property on which the lien is,' was a remedy additional to that provided by attachment. It is clear that the appellants never abandoned their proceeding by attachment but insisted upon it, and that the final order of the circuit court sustained it."

We are therefore constrained to hold that the statement of the court made in the course of the opinion and relied upon by the complainant in this case to the effect that the requirement of the act that notice be given is complied with by the institution of a suit and service of process within the prescribed time, was unnecessary to a determination of the case before the court, and hence cannot be held to be controlling.

A disposition of the question involved in this case is controlled by the case of Bird Bros. v. Southern Surety Co., 139 Tenn., 11, 200 S. W., 978, 980. In that case, Bird Bros. had entered into a contract with a contractor for the construction of a building in the town of Greeneville. The Knoxville Lumber & Manufacturing Company, under the provisions of section 3540 of Thompson's-Shannon's Code, within ninety days of the service of its notice upon Bird Bros., filed a bill for itself and for the benefit of any other mechanics claiming a lien upon the property, to subject said property to

the satisfaction of said liens. Shortly thereafter, Bird Bros., the owners of the property, filed their bill against the surety on the contractor's bond and certain of the mechanics claiming liens to have said liens ascertained and the rights of the parties fixed. The suits of the Knoxville Lumber & Manufacturing Company and Bird Bros. were consolidated, and in the consolidated case intervening petitions were filed by certain other claimants, among them the Knoxville Brick Company. The intervening petition of the latter company, asserting its lien, was filed within thirty days after the completion of the building. However, it appeared that this claimant had served no notice upon the owner of its intention to claim a lien. The court held that such failure to serve notice was fatal to the claim, citing in support of said holding the cases of Stone Co. v. Board of Publication, 91 Tenn., 200, 18 S. W., 406; Bassett v. Bertorelli, 92 Tenn., 548, 22 S. W., 423; Reeves v. Henderson, 90 Tenn., 522, 18 S. W., 242; Cole Mfg. Co. v. Falls, 92 Tenn., 609, 22 S. W., 856.

In this connection, the court said:

"It is argued in behalf of the Knoxville Brick Company that the intervening petition filed by it within 30 days after the building was completed was in itself a notice to the owners of the building, and that no more was required. Such petition, however, was only permissible on the part of one who had perfected a lien on the property involved in the case. The petitioner had no right to a personal judgment against the owners of the property. Its only claim was against the property itself. Until notice was served upon the owner and a lien thus fixed, the petitioner had nothing upon which it could sue. It had no standing in court—no right against the property to assert. Suitors are ordinarily allowed to enter the courts to enforce or to redress rights, not to create rights."

■ The foregoing is, in our opinion, a complete answer to the contention of the complainant in the present case. It had no right to a personal judgment against the defendant White. Its only claim was against the property itself, and it did not have this until its lien had been perfected by the giving of the notice. At the time its bill was filed, it had no standing in court—no right to assert. Its cause of action had not accrued. If the defendant White had made no defense, the chancellor would not have been warranted in granting the complainant the relief sought against the property for the reason that the right to such relief had not accrued at the time the bill was filed. He would necessarily have had to adjudicate the rights of the parties as they stood at the time the bill was filed and, as stated, at this time the complainant had no right against the property or the defendant White. The giving of the notice required by statute within the time fixed was necessary to establish the lien which it sought to enforce by its bill. This notice it admits

was not given. Hence it had no right to file the bill at all. Richardson v. Lanius, 150 Tenn., 133, 144, 263 S. W., 799.

The result is the action of the chancellor in dismissing the complainant's bill was correct. His decree is accordingly affirmed at the cost of the complainant, Conger Lumber & Supply Company.

Senter and Heiskell, JJ., concur.