HAMILTON NAT. BANK *v.* LONG *et al.*

SCOTT v. STOP RUST CO.

(*Knoxville,* September Term, 1949.)

Opinion filed December 17, 1949.

Rehearing Denied February 10, 1950.

MOON & ANDERSON and JOHN W. DINEEN, of Chattanooga, for appellant.

FRED M. WILLIAMS, JR., of Chattanooga, for appellee.

PER CURIAM.

The only question involved in this appeal is the priority of liens as between a garnisheeing creditor (Hamilton National Bank) of a contractor (Long) and material men (Scott) furnishing materials and work to the con-

tractor for the erection of a building. An admitted unpaid balance due from the owner (The Stop Rust Company) to the contractor was paid in to court. This fund is the subject matter of the suit.

■ We granted *certiorari* because, even though the two lower courts arrived at the same conclusion, their method of arriving at this conclusion was based on different legal principles. And, too, insofar as we can find, this identical question has never been decided in this State before. No question of fact or law which was not presented to the Court of Appeals, was presented to us. We have heard argument, carefully considered the very able briefs, the record and have made an independent investigation of the question involved. Our conclusion is that the Court of Appeals has fully and correctly answered all questions presented. It would serve no useful purpose for us to rewrite the opinion which has been so ably done by Judge McAmis, speaking for the Eastern Section of the Court of Appeals. We, therefore, adopt the opinion of that court as the opinion of this Court. *Boillin-Harrison Co. v. Lewis & Co.*, 182 Tenn. 342, 345, 187 S. W. 2d 17.

"This appeal by Hamilton National Bank, judgment creditor of C. C. Long, presents a contest between the Bank as garnishor and the R. P. Scott Contracting Company, subcontractor under Long. In its present posture the case is proceeding as one in the nature of an interpleader, the owner of the improved property, Stop Rust Company, having paid into court the balance of $1,857.45 due under its contract with Long. The question is whether, under the facts to be outlined, the subcontractor's lien is superior to the rights of the garnishor.

"On March 24, 1947 the Stop Rust Company contracted with Long to build a building on a lot owned by it. A few days later Long sublet the work to the Scott Contracting Company who immediately entered upon the work of constructing the building, furnishing labor and materials, and completed it on July 1, 1947. On June 20, 1947, the Hamilton National Bank caused a garnishment notice to be served upon the Stop Rust Company. On July 31, 1947, the R. P. Scott Contracting Company notified the Stop Rust Company by letter that there was a balance due it under its subcontract with Long of $1,983.22. On August 12, 1947, the Stop Rust Company answered the garnishment denying that it was indebted to Long in any amount. The answer admits that the garnishee had a contract with Long for the construction of a building and that there was an unpaid balance of $1,983.22 which amount the R. P. Scott Contracting Company was demanding for labor and materials furnished on the job under its contract with Long. A sworn statement of the claim was filed in the office of the Register of Deeds for Hamilton County on September 24, 1947, within ninety days after the completion of the building. No suit was filed on the claim within ninety days or thereafter.

"Code Section 7927 provides that a subcontractor shall have a lien for his work and for materials furnished provided notice is given the owner of the property upon which the improvement is being made, the lien to continue for a period of ninety days from the date of the notice and until the final termination of any suit brought to enforce it within that period. Code Section 7929 provides that the lien of the subcontractor shall have precedence over all other subsequent liens or conveyances dur-

ing such time provided a sworn statement of the amount due be filed within the period of ninety days mentioned in the office of the County Register. As indicated these statutory provisions were complied with except that no suit was ever instituted. Reduced to the ultimate, the question is, Can the garnishor take advantage of the omission of the lien claimant to institute suit as required by the statute for the perfection of his lien?

 "We have found no reported case in this State directly ruling the question. In *Hardison* [& Co.] v. *Yeaman,* 115 Tenn. 639 [91 S. W. 1111], the rights of the garnishor were held superior to the claim of furnishers of materials which went into the construction of a courthouse for Jackson County. The bond furnished by the contractor was held not to cover furnishers of materials and, the claim being against a public building, no lien rights were involved. *Gray* v. *Houch,* 167 Tenn. 233 [68 S. W. 2d 117], holds generally that a creditor can occupy no higher ground than his debtor in asserting rights against a garnishee. It was also held in that case that garnishment process can reach only debts absolutely existing and those not subject to the happening of a future event, rendering it uncertain whether the garnishee will or will not be indebted to the judgment debtor. In the present case the learned Special Chancellor held against the Bank as garnishor and in favor of the subcontractor largely on the theory that the subcontractor has an equitable lien entitling it to the fund in court.

 "It is not questioned that the subcontractor had a lien when the garnishment notice was served. His lien had existed from the date of the visible commencement of the work. *Brown* v. *Brown & Co.* 25 Tenn. App.

509 [160 S. W. 2d 431]. However, to set up the lien against the owner a strict compliance with the statute as to notice, *Conger Lumber* [& Supply] *Co.* v. *White,* 17 Tenn. App. 206, 66 S. W. 2d 999, registration, *McDonnell* v. *Amo,* 162 Tenn. 36, 41 [34 S. W. 2d 212], and timely institution of suit, *Warner* v. *A. H. Yates & Co.,* 118 Tenn. 548 [102 S. W. 92], is necessary.

█ "In *Brown* v. *Brown & Co., supra,* and *Henderson* v. *Watson et al.,* 25 Tenn. [App.] 506, 160 S. W. 2d 429, both decided the same day, these principles were applied to bar the lien of the furnishers as against the rights of subsequent purchasers and mortgagees without notice. But in both cases the persons resisting the lien stood in the shoes of the owner as his assignee in relation to the *res* against which the furnishers and laborers sought to enforce their claims without having pursued the course required by statute. The claim of each of the contesting parties was to a lien on the property while in this case the contest is between the Bank which can succeed only to the rights of the debtor, Long, and the subcontractor who had a valid, subsisting lien when the garnishment notice was served. As between the two claimants we hold the rights of the subcontractor superior.

█ "The owner-garnishee during all of the 90 day period within which subcontractor was required by statute to institute suit was making no resistance to the claim of a lien on its property. On the contrary, it was during this period that it filed an answer to the garnishment taking the position that it desired to pay the subcontractor out of the amount owing the general contractor. In the absence of fraud or collusion, sound policy would counsel against requiring the lien claimant

to institute, and the owner to defend, an action on a claim which the owner admits and is willing to pay. The garnishor must make the best of conditions as he finds them. He cannot force the debtor involuntarily to assume a position consistent with his interests and against the debtor's own interest and desires.

"The rule to be deduced from the uniform holdings in other jurisdictions is that where a lien has attached to the garnishee's property, he has a right to pay outstanding claims for labor and materials out of the fund due the debtor-contractor. *Pettus* v. *Dudley Bar Co.*, 218 Ala. 163, 118 So. 153; *First National Bank* [of Thomasville] v. *MacDougald Const. Co.*, 45 Ga. App. 853, 166 S. E. 256; *Raithel* v. *Hamilton-Schmidt Surgical Co.*, Mo. App., 48 S. W. 2d 79; *Drake* v. *Harrison*, 69 Wis. 99, 33 N. W. 81, 2 Am. St. Rep. 717. For text statements, see 38 C.J.S. [Garnishment, Section 186, p.] 419; 5 Am. Jur. 18. *Raithel* v. *Hamilton-Schmidt Surgical Co., supra,* expressly holds that the fact that the lien may be lost due to the failure of the claimant to sue within the statutory period does not affect the garnishee's right to pay the claim. The rule applies with special force where, as here, the contractor agrees to furnish evidence of payment of all bills before receiving final payment. *Drake* v. *Harrison, supra.*

"Though we base our holding upon somewhat different grounds, we find no error in the decree. All assignments are overruled and the decree affirmed with costs."

In addition to the authorities cited in the opinion above adopted we refer counsel to 38 C.J.S., Garnishment, Section 183, at page 410 and to the case of *New Haven Orphan Asylum* v. *James A. Haggerty Co.*, 108 Conn.

232, 142 A. 847, where very similar mechanic lien provisions were involved and a similar state of facts involved as to those in this case.

For the reasons assigned by the Court of Appeals in their opinion as adopted as our opinion, the judgment of the Chancellor must be affirmed.

All concur.

On Petition To Rehear

BURNETT, Justice.

The appellants have filed a courteous and dignified petition to rehear. Two insistences are made; (1) "that even if Scott had a lien at the time the garnishment was served for labor and material, he would not have a lien for that part of his claim which represents profit and supervision"; and (2) whether or not the letter written by Scott on July 31, 1947, to the Stop Rust people was a sufficient notice to give him a lien under the Statute, Code, Section 7927, even though no lien was claimed in the letter.

The basis and *gravamen* of the decision of the Court of Appeals, which we adopted, is well stated in language as follows: "The garnishee can be held only to the extent of the defendant's claim against him. Hence plaintiff can enforce no right against the garnishee that defendant himself could not enforce, or reach assets in possession of the garnishee which defendant could not recover from the garnishee." 38 C.J.S., Garnishment, page 396, Section 176.

As authority for this statement, our case of *Dickson* v. *Simpson*, 172 Tenn. 680, 113 S. W. 2d 1190, 1193, 116 A.L.R. 380, is cited. Upon examining this case it will

be seen that it is ample authority for the decision in the case now before us.

It, therefore, seems to us that question (1) presented by the petition to rehear is resolved by the holding in the opinion because this question revolves around and hinges upon whether or not the garnishee had any property or funds or other assets in its hands or under its control belonging to C. C. Long at the time of the service of the writ of garnishment. The record and the finding of the two lower courts is to the contrary, that is, that at the time of the service of garnishment the Stop Rust Company did not owe Long anything. Prior to the service of this garnishment, Long had denuded himself of any claim against Stop Rust by subcontracting the entire job to the claimant Scott. Scott had begun his work prior to the service of garnishment herein and had assumed the responsibility of doing the work and furnishing the labor on this building. The two lower courts have found, and we think under the record properly so, that there was no fraud or collusion shown herein between Long and Scott whereby they could be said to have connived in this matter to defeat the claim of the bank. There must be some proof to substantiate a situation of the kind—connivance or fraud—between these parties before we can infer any such and thus defeat the claim of Scott herein.

Aside from the proposition, which is decisive of this matter as above indicated, and merely as an academic proposition we have made some investigation of the authorities, including those cited in the brief of the appellant, and find that the general rule is that: ''Profits and commissions ordinarily are not lienable items unless included in the contract price . . . or . . . in the

reasonable worth of the labor or materials furnished, no lien may be allowed for profits or commissions not earned." 57 C.J.S., Mechanics' Liens, page 540, Section 49. Among other cases cited as authority for the above statement is the case of *Bond* v. *W. T. Congleton Company,* 278 Ky. 829, 129 S. W. 2d 570, wherein it is said: "Numerous cases are cited in support of the principles stated in the text and we are in accord with the principles laid down therein. The contractor himself necessarily performs labor in the purchasing of and paying for material and in furnishing and paying for the necessary labor in the construction of a building and it appears reasonable to us that labor thus performed by the contractor is lienable to the same extent as any other labor that goes into the building where the contract provides for the payment of a definite percentage as compensation for this labor to be performed by the contractor." Page 572 of 129 S. W. 2d.

We are in accord with this reasoning. The contract herein provided for a stipulated sum plus a percentage for doing this work. We feel that it would be a lienable item providing it was necessary to assert the lien. This though should only arise as between the owner Stop Rust and the claimant Scott.

We think the very heart of this decision, as set out in the outset of this opinion, is an answer to the second proposition raised on the petition to rehear. In the opinion adopted by us it was held that: "His lien had existed from the date of the visible commencement of the work." Citing authorities. It is not necessary under the holding of this case for us to determine whether or not the letter referred to in this assignment was sufficient

to give Scott a lien herein because if Stop Rust did not owe Long anything then the bank could not acquire anything by its garnishment.

For the reasons stated above the petition to rehear must be denied.