PAUL JORDAN et al.

*v.*

CHARLES W. DEITZ et al.

(*Knoxville,* September Term, 1956.)

Opinion filed December 7, 1956.

WILLIAM R. WEEKS, Chattanooga, for appellants.

EUGENE N. COLLINS, Chattanooga, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

There are two questions involved in this appeal: (1) Whether or not a materialman may enforce his lien as created under the chapter creating liens, Sections 64-1101, 64-1142, T.C.A. by attachment and subsequent sale of the property of the home owner where the home owner has made no contract with the purported materialman and the contractor is not before the court on personal service, and (2) whether or not the Chancery Court abused its discretion in dismissing the attachment of the

property of the home owner, leaving the suit for a money judgment pending against the contractors when said contractors have never been brought before the court.

On October 20, 1954 the appellant doing business as the Northside Lumber and Supply Company and Red Bank Hardware Company filed his bill alleging that he had furnished materials to W. M. and W. D. Metcalf, doing business as the Northside Roofing and Supply Company, which materials were used in the improvements made on the house and lot owned by the appellee Deitz and wife.

An attachment was issued and levied on this house and the home owners were likewise served with a subpoena to answer. On October 22, 1954 the subpoena for the Metcalfs, the contractors, was returned "not to be found in my county".

On January 21, 1955, an alias subpoena to answer was issued for the Metcalfs. It was never served or returned. As far as the record shows no other process was ever requested or issued by or on behalf of the complainants, appellants here, except service by publication which will hereinafter be referred to.

On June 11, 1955, the home owners made a rule upon the complainants under Code Section 21-625, T.C.A. for the complainants to obtain personal service on the contractors. This was made some eight months after the suit had been originally filed.

On June 14, 1955, complainants moved and made known to the court by affidavit that the Metcalfs, the contractors, were not in Tennessee and could not be served.

On June 28, 1955 the complainants asked for an order

of publication as to the Metcalfs, the contractors, but judgment on this request was reserved as to the sufficiency of this substituted service.

Some four months after the Deitzes had made a rule on complainants to obtain personal service on the contractors the court on October 5, 1955, entered an order making a peremptory rule on the complainants and dismissed the attachment of the property, but left the bill pending as to the contractors who had never been served.

On the following day, October 6, 1955, complainants filed a motion for a judgment *pro confesso* against the contractors and the home owners. On October 25, 1955, this motion was overruled and this appeal was taken.

Was the Chancellor correct in dismissing the cause as to the home owners, appellees here, because personal service of process was not made on the contractors who had contracted with the home owners when the home owners had no contract with the furnishers of the materials who were bringing the suit?

This question is controlled by a proper interpretation of our statute on the question. Section 64-1126, T.C.A. provides insofar as here applicable that:

"Liens under secs. 64-1101—64-1142 shall be enforced by attachment only, in manner following:

"(1) Where the plaintiff or complainant lienor has a contract with the owner, * * *.

"(2) Where there is no such contract, by attachment in a court of law or equity in like manner; or before a justice of the peace, having jurisdiction, based upon a like affidavit, the writ of attachment to be accompanied by a warrant for the sum claimed, *to be*

*served upon the contractor, or sub-contractor in any degree, with whom the claimant is in contractual relation, as well as on the owner."*

Obviously the question presented is, does the italicized portion above quoted require the contractor to be before the court before a lien on the home owners' property can be enforced by attachment?

This question is fully annotated in 100 A.L.R. beginning at page 128. Under subsection (d) of the annotation our statute is covered. The annotater makes a statement as follows:

"A number of decisions have established as a general rule the proposition that—where, under statutory provisions or the general theory upon which the right of a subcontractor, laborer, or materialman to establish and enforce a lien against the property upon which the services were rendered or materials furnished, is based, the foreclosure of such lien involves the determination of the existence of an indebtedness, and the amount thereof, due from the principal contractor to the subcontractor, laborer, or materialman, the former is a necessary party."

Under this division and discussion the annotater lists cases from many States including our case of *Warner v. A. H. Yates & Co.*, 1907, 118 Tenn. 548, 102 S.W. 92, 93. The annotater says in reference to this case that:

"* * * since the principal contractor has the right to controvert the indebtedness claimed, there will be a failure of due process of law if he does not have his day in court."

Obviously this statement is correct when we read and analyze the Code Section above in reference to this lien.

This Court in the Warner case in speaking of our lien statutes in force at the time the opinion was written—they had been somewhat modified by the Code of 1932 and are now carried in T.C.A. Annotated, as above quoted, but in principle or more obvious of the meaning as said of them by the court when the court in the Warner case said:

"The principal contractor is a necessary party, because he is the debtor sued, and the owner of the property, because it is sought to reach his or her property. They are both interested, and must have their day in court; otherwise, there would be a failure of due process of law. The principal contractor has the right to controvert the indebtedness claimed, and the owner of the property the existence of the lien sought to be enforced, and the action cannot be maintained without establishing both the debt and the lien."

The right to enforce a mechanic's lien is a statutory right in the first instance. The Legislature who created this right also has the right to provide any necessary duty on the part of the furnisher of the materials who has not contracted with the owner to do what it thinks is reasonable before that materialman or what not secures a judgment or collects from the property. In the absence of a personal judgment he must bring in the person or corporation or firm with whom that materialman contracted. In this way the Legislature evidently contemplated that this original promisor to the party who furnished the material, etc., should be a party to the suit so that a judgment against him might precede a decree against the owner, who would probably be entitled, if he could show assets belonging to the contractor, a collection of a personal judgment against the con-

tractor before the one holding the derivative right as made by the lien could take the land of the owner for the debt.

■ Section 64-1115, T.C.A. provides that where the materialman is not in privity of contract he shall have notice and both the contractor and the owner must be made parties defendant. The materialman who does not have a contractual relationship with the owner is not entitled to a personal judgment against the owner. *Taylor v. Tennessee Lumber Co.*, 107 Tenn. 41, 63 S.W. 1130; *Conger Lumber & Supply Co. v. White*, 17 Tenn.App. 206, 66 S.W.2d 999. The only right a materialman has against the home owner whom he has not contracted with is secured by Code Sections above referred to and is that of an attachment of the property.

■ For many years the courts of this State, even though there are no reported cases dealing directly with the subject other than hereinabove cited, have held as said by the Court of Appeals in *Brantingham v. Beasley*, 2 Tenn.App. 598, that:

"It is true that the principal contractor is a necessary party to a suit to enforce a mechanic's lien."

All that we can find in reading the authorities, supports our construction of the statute above that the contractor who contracted with the materialman or furnisher or what not, is a necessary party to a suit to enforce a mechanic's lien against the owner of the property who had no contract with the furnisher. There are many authorities in support of this general proposition, which will be found in the annotation above referred to and in another of 147 A.R.L., page 1099. In view of this treatment of the subject over a long period of years we think that we must accept this interpretation and so enforce it

until the Legislature of the State passes different legislation thereon. We think too that it is fair, equitable and the right construction.

We do not think that the Chancellor abused his discretion in making a rule on the complainants and dismissing their suit when the contractor was not served with process to a suit which had been pending against them for some eight months. Apparently it appeared to the trial court at that time that it was very unlikely that process could be served on these contractors and too, the trial court had before him the return of the officers that they were not to be found in the county. If it turns out that after this suit was dismissed the contractors were brought back into the county by the Federal Government then this within itself is not a showing that the trial court abused his discretion in sustaining this motion and dismissing the action. This of course is not in the record but is one of those things that has been stated which happened afterwards, but even though it was part of the record and could be considered we do not think that it shows abuse of discretion on the part of the trial court in taking the action that he did. This order finally dismissing the action was not made until nearly a year after suit was brought, to wit: On October 5, 1955 when suit was brought on October 20, 1954. *Chumbley v. People's Bank & Trust Co.*, 166 Tenn. 35, 60 S.W.2d 164.

For the reasons above expressed we are satisfied that the trial court reached the right conclusion and result herein and its decree is affirmed.