# KNOXVILLE STRUCTURAL STEEL COMPANY, INC., Appellant, v. E. C. JONES, D.B.A., etc., Appellees. —330 S. W. (2d) 559.

Eastern Section. July 15, 1959.

Certiorari Denied by Supreme Court December 11, 1959.

Lockett & Mahood, Knoxville, for appellant.

M. F. McDavid, Harriman, for appellees.

McAMIS, P. J.   Knoxville Structural Steel Company, Incorporated, has appealed from the action of the Chancellor dismissing its bill under which it sought the enforcement of a mechanic's lien on a filling station owned by defendants, John C. Cofer and wife.

The bill also named as defendants the general contractor, E. C. Jones, U. S. & G. Co., surety on his performance bond, and Pure Oil Company, holder of a deed of trust on the property.   Jones, the contractor, has not appealed and the U. S. F. & G. Co. has paid into Court the sum of $25,000, the full penalty of its bond.

The Chancellor dismissed the bill on the ground that, while an attachment was duly issued within the statutory period of ninety days after notice to defendants, it was not *levied* until after the expiration of the period. The Chancellor further held that complainant could not claim the benefit of a general lienor's proceeding in which there was a timely issuance and levy of an attachment because it never sought to enforce its lien in that proceeding. It is not disputed that complainant furnished materials on order of the contractor in the amount of $2,323.20.

T. C. A. sec. 64-1115 provides that furnishers of material to a contractor employed by the owner shall have a lien on the owner's premises upon condition the owner be notified within 90 days after the completion of the work and "said lien shall continue for a period of ninety (90) days from the date of said notice in favor of such * * furnisher * * * and until the final determination of any suit for enforcement brought within that period."

Defendants, Cofer and wife, insist that, under T. C. A. sec. 64-1126, a suit is not "brought" until an attachment has not only been issued but also levied. We quote the provision of the statute:

"Liens under secs. 64-1101—64-1142 shall be enforced by attachment only, in manner following:

"(1) Where the plaintiff or complainant lienor has a contract with the owner, the lien shall be enforced by attachment upon petition at law or bill in equity, filed under oath, setting forth the facts, describing the property, and making the necessary parties defendant; or before a justice of the peace,

where the amount of the claim is within his jurisdiction, the affidavit for the writ to contain such recitals.

"(2) Where there is no such contract, by attachment in a court of law or equity in like manner; or before a justice of the peace, having jurisdiction, based upon like affidavit, the writ of attachment to be accompanied by a warrant for the sum claimed, to be served upon the contractor, or subcontractor in any degree, with whom the claimant is in contractual relation, as well as on the owner.

"(3) The clerk of the court in which the suit is brought may issue the attachment writ, no fiat of a judge or chancellor being requisite."

█ As applied to claims of the first class, i. e., where the claim is for materials furnished under contract with the owner, our Supreme Court, in Ragon v. Howard, 97 Tenn. 334, 37 S. W. 136, 139, reversed a holding of the Court of Chancery Appeals that if the claimant had brought his suit within the year he could have the attachment issued and levied at some later time, saying:

"We think in this the court of chancery appeals is in error, and that the attachment must be issued and levied within the year to preserve the lien. In Barnes v. Thompson, 2 Swan 316 [32 Tenn. 313, 316], the court uses this language: 'To secure the benefit of his advantage over all others who might have claims equally just against the same debtor, this particular creditor is required, at the commencement of his action, to show that he holds the property on which he has done the work liable for his debt by attaching it.' And again: 'It is reasonable to conclude that it was the intention of the legislature to

avoid these and other difficulties by requiring the favored creditor to commence his suit either in law or equity by attachment, if he desires to rely upon his lien.' And again: 'We do not say that the mechanic creditor may not proceed by summons, but what we do decide is that the benefit of his lien can only be preserved by attachment.' "

In Barnes v. Thompson from which the above quotations were taken, the court was dealing with an amendment to the Acts of 1829 and 1835 adding the words: "That the lien herein given may be enforced by attachment, either at law or equity." The Court said in reference to the amendment: "We think this section was intended to clear up all doubts of the remedy."

It is not without significance that the amendment with which the Court was dealing uses the word "may", while T. C. A. sec. 64-1126 uses the more peremptory term "shall" and adds the word "only" thereby removing any lingering doubt that an action to enforce the lien can only be enforced by attachment. And see, to the same effect, Warner v. A. H. Yates & Co., 118 Tenn. 548, 554, 102 S. W. 92, 93, where, in a case under the old statute, it was said:

"There must be a suit brought by the party seeking to enforce the lien, and an attachment sued out against the property upon which the lien is claimed, simultaneously with the issuance of the warrant."

▮ Under these cases and by the express terms of the statute the lien can only be enforced by attachment and, as shown, under Ragon v. Howard, supra, the attachment must be both issued and levied within the period.

It is true that in these cases the furnisher was suing the owner with whom the contract to furnish materials was made while in this case the suit is for materials furnished the contractor, making applicable the provision for notice to the owner followed by suit within ninety (90) days thereafter. T. C. A. sec. 64-1126. However, the definitive terms of the statute as to the necessity of proceeding by attachment with which the Court was dealing apply with equal rigor to both classes of claims and, unless a different conclusion is required by Reed v. Fuller, 16 Tenn. App. 47, 65 S. W. (2d) 841, relied upon by complainant, there appears no rational basis for distinguishing between the two classes of claims.

In Reed v. Fuller the claimant, Reed, whose suit had been dismissed by the Chancellor attached the wrong property and after the lapse of 90 days following the notice the bill was amended correctly describing the property on which the materials were furnished but without having another attachment issued and levied. The bill was filed as a general lienor's bill and within the period at the instance of other lien claimants an attachment issued and was levied upon the property. The Court, in effect, treated the petitions of other claimants as the original bill and held that the attachments issued and levied thereunder brought the res into court. To do equity, the original bill was treated as if it had been filed as a petition in the case and Reed's claim was sustained and enforced.

In this case, the property was not brought into court by complainant within the time allowed by the statute and there were no other parties claiming liens. It results that, in this case, the property was never brought into

court and we hold that, on this ground, Reed v. Fuller is not controlling. By inference that case recognizes the necessity of having the property seized by attachment within the statutory period, otherwise it would not have been necessary to treat the original bill as a petition so that the attachment levied at the instance of other claimants might be held to inure to complainant's benefit.

But, it is strenuously insisted that the Chancellor erred in not holding that complainant could claim the benefit of a timely attachment of the property in a general lienor's bill filed and sustained subsequent to the filing of the bill in this case. This insistence is predicated on T. C. A. sec. 64-1131, providing:

"Where there are several persons entitled to the lien given by secs. 64-1101—64-1142, all, or any number of them, may join in one (1) attachment suit in equity; or, upon the filing by one (1) or more of the lienors of a bill for the benefit of all lienors, any other lienor may come in by petition, under oath, without suing out a new attachment, by giving bond and security, with effect as if the attachment had been taken out by the petitioner."

Under the terms of this statute a number of claimants may join in a single suit or one claimant may file suit and other claimants may then become parties by petition. In either event one attachment is sufficient. As the Chancellor aptly pointed out, however, complainant in this case neither joined with other claimants in bringing suit nor filed his petition in a suit already filed but instituted his own separate suit. It is true, the two cases were consolidated but this was after the ninety day period within which the statute required that the property be seized by attachment for complainant's benefit. The

order of consolidation can not be given retroactive effect to save rights already lost. An order of consolidation does not change the rules of procedure and the rights of the parties still depend upon the proof and proceedings in the respective causes. East Lake Lumber Box Co. v. Simpson, 5 Tenn. App. 51, at page 56, and cases cited.

There remains only a question of practice. Complainant insists that defendants lost the right to challenge the attachment as being levied too late by pleading to the merits and failing to first plead in abatement. We think this insistence misconceives the purpose of the attachment which is simply to seize and bring the property before the court to be dealt with in connection with enforcement of the lien. It is made a prerequisite by statute and is not dependent upon fraud or other general grounds for attachment where a plea in abatement is held necessary to test the basis of issuance.

The entire proceeding is statutory. The complainant must pursue his remedy in strict compliance with the statutory requirements as to notice and timely institution of suit and must carry the burden of proving his lien. Hamilton National Bank v. Long, 189 Tenn. 562, 569, 226 S. W. (2d) 293; Southern Blow Pipe Co. v. Grubb, 36 Tenn. App. 641, 260 S. W. (2d) 191. For these reasons cases holding a plea in abatement necessary in cases where attachment is based upon general grounds, like Moore v. Walker, 178 Tenn. 218, 156 S. W. (2d) 439, are not applicable.

We find no error and it results that the decree must be affirmed at complainant-appellant's cost.

Hale and Howard, JJ., concur.