**EATHERLY CONSTRUCTION COMPANY, Appellant,**

v.

**DeBOER CONSTRUCTION, INC., et al., Appellees.**

Supreme Court of Tennessee.

Oct. 11, 1976.

H. Michael Bennett, John J. Hollins, Nashville, for appellant.

H. Frederick Humbracht, Dearborn & Ewing, Nashville, for appellees.

## OPINION

PER CURIAM.

After a comprehensive review and analysis of the record in this case, we have concluded that the Court of Appeals correctly decided the issues presented on appeal. Accordingly, the judgment of the Court of Appeals is affirmed.

The opinion of the Court of Appeals will be for publication as an appendix to this opinion. Mr. Justice Brock dissents and files a separate opinion.

## APPENDIX

## OPINION

DROWOTA, Judge.

Eatherly Construction Company, plaintiff-appellant, is appealing an order of the Chancery Court of Davidson County granting summary judgment and dismissing the defendants-appellees, Jack P. DeBoer Associates, Inc., First Wisconsin Mortgage Company and John J. Poehlman, Trustee (hereinafter referred to as appellees).

Eatherly Construction Company contracted with DeBoer Construction, Inc. (a defendant below, but not a party to this appeal) to perform grading, excavating, and related work on improvements being built upon a multi-family housing project known as Country Place, owned by appellees. The gravamen of plaintiff-appellant's complaint is that the defendants owe it a sum of $27,443.17 for labor and materials furnished for improvements on the above project. Eatherly Construction Company last performed work under the above contract on January 29, 1973. A notice of lien was filed by plaintiff-appellant on September 24, 1973. On December 20, 1973, a complaint was filed to enforce the asserted lien. A writ of attachment was issued and levied on the property on December 21, 1973. On June 25, 1974, construction on the project was 98% complete. The plaintiff-appellant filed a second notice of lien on the property on July 3, 1974. The project was completed and turned over to its owner on August 13, 1974. Plaintiff-appellant amended his complaint of December 20, 1973, on August 26, 1974, so as to allege completion of the project on June 25, 1974, and the filing of a notice of lien on July 3, 1974.

The appellees filed a motion for summary judgment on December 3, 1974. The Chancery Court granted this motion as a matter of law on March 3, 1975.

The plaintiff-appellant assigns the following as error:

The Court erred in granting the Defendants' Motion for Summary Judgment and in holding that it was necessary for complainant, following the amendment to the complaint, to again attach the same property when the property was properly before the Court pursuant to the previous attachment.

The sole issue before us is whether the initial attachment was effective as to the amended complaint. T.C.A. § 64–1115, which governs this case, states:

Every journeyman or other person contracted with or employed to work on the buildings, fixtures, machinery, or improvements, or to furnish materials for the same . . . shall have this lien for his work or material; provided that within ninety (90) days after the demolition and/or building or improvement is completed, or the contract of such laborer, mechanic, furnisher, or other person shall expire, or he be discharged, he shall notify, in writing, the owner of the property on which the building is being erected or improvement is being made . . . that said lien is claimed; and said lien shall continue for the period of ninety (90) days from the date of said notice in favor of such subcontractor, journeyman, furnisher, mechanic, or laborer, and until the final termination of any suit for enforcement brought within that period.

The enforcement of a mechanic's and materialman's lien is a statutory right, and strict compliance with T.C.A. § 64–1115 is required. *McDonnell v. Amo,* 162 Tenn. 36, 34 S.W.2d 212 (1930); *Jordan v. Deitz,* 201 Tenn. 77, 296 S.W.2d 866 (1956); *Bird Bros. v. Southern Surety Co.,* 139 Tenn. 11,

200 S.W. 978 (1917). Notice of the claimed lien must be given to the proper owner of the property within the ninety day period specified by the statute. If the plaintiff fails to comply with the requirement, his lien is void. *Conger Lumber & Supply Co. v. White,* 17 Tenn.App. 206, 66 S.W.2d 999 (1933). Further, the institution of the suit upon the claimed lien must be within the ninety day ·period following the date of notice. If a suit is not instituted and a writ of attachment is not issued and levied within this period then plaintiff's lien is void. *Knoxville Structural Steel v. Jones,* 46 Tenn.App. 518, 330 S.W.2d 559 (1959).

Eatherly Construction Company argues that its writ of attachment of December 21, 1973, was valid and that its amended complaint of August 26, 1974, did not give rise to a new cause of action. This being so, the plaintiff-appellant claims the antecedent attachment was not dissolved but rather was incorporated into the amended complaint thus precluding the need for a second attachment.

This argument is rejected on two grounds: (1) the writ of attachment issued and levied on December 21, 1973, was not valid and (2) the appellant's argument is contrary to the time limitations of T.C.A. § 64–1115.

■ Plaintiff-appellant had no cause of action upon which it could base its writ of attachment of December 21, 1973. T.C.A. § 64–1115 requires that notice be given to the owner of the property subject to the lien within 90 days of claimant's completion of work on that property. Eatherly Construction Company last performed work on the multi-family housing project on January 29, 1973. Eatherly Construction Company filed a notice of lien on September 24, 1973. Because the plaintiff did not comply with the notice requirements of the statute, his lien was void and he had no cause of action. *Conger Lumber & Supply Co. v. White,* supra; *Bird Bros. v. Southern Surety Co.,* supra. An ancillary attachment is a mere incident to the suit in which it is issued. If it is not based on a cause of action, it, the ancillary attachment, is neces-

sarily void. *Maxwell v. Lea,* 53 Tenn. 247 (1871).

■ T.C.A. § 64–1126 requires that a lien be enforced by attachment. Further, T.C.A. § 64–1115 requires that that attachment be issued and levied within ninety days of the date of notice. *Knoxville Structural Steel v. Jones,* 46 Tenn.App. 518, 330 S.W.2d 559 (1959). The attachment of December 21, 1973, which plaintiff-appellant seeks to incorporate into his amended complaint filed August 26, 1974, is void. Eatherly Construction Company did not have issued and levied a writ of attachment after its second notice of lien. The Chancery Court properly granted the defendants' motion for summary judgment on the ground that the plaintiff did not comply with the requirements of T.C.A. § 64–1115.

■ The second ground for upholding the decision of the lower court is the time limitations of T.C.A. § 64–1115. The statute requires that notice be given within ninety days of either plaintiff's completion of work on the property or the completion of all work on the property. Following such notice, the statute requires that a suit be instituted and a writ of attachment issued and levied within ninety days. *Knoxville Structural Steel v. Jones,* supra. Thus the statute requires that a writ of attachment be issued and levied within 180 days of either plaintiff's completion of work upon the property subject to the lien or the completion of all work upon that property. The plaintiff-appellant did not comply with this requirement. To allow the appellant to amend his complaint so as to include an attachment not levied within the time limitations of T.C.A. § 64–1115 is to allow the plaintiff to do indirectly that which he could not do directly under T.C.A. § 64–1115. This would necessarily violate the legislative intent expressed in that statute.

The cases cited by the appellant for the proposition that such an amendment should be allowed are not in point. They do not involve a court allowing a plaintiff to do something by amendment which he could not do directly under T.C.A. § 64–1115. Appellant further argues that to require a

second attachment in this instance is to require a plaintiff to perform an unnecessary act. Because the first attachment was a nullity, it can hardly be said that the second attachment was unnecessary. Further, T.C.A. § 64–1115 requires this act in order that there be a cause of action. "The Legislature who created this right also has the right to provide any necessary duty on the part of the furnisher of materials who has not contracted with the owner to do what it thinks is reasonable before that materialman or what not secures a judgment or collects from the property." *Jordan v. Dietz*, supra, 201 Tenn. at 82, 296 S.W.2d at 869.

Plaintiff-appellant's assignment of error is overruled, and the judgment of the trial court in granting appellees' motion for summary judgment and dismissing the case as to them is affirmed. The costs of this appeal are taxed against the appellant.

Affirmed and remanded.

SHRIVER, P. J., and TODD, J., concur.

BROCK, Justice (dissenting).

I respectfully dissent.

Admittedly, the notice of attachment filed on September 24, 1973, was ineffective because not filed within 90 days following the last performance by plaintiff of work on the job on January 29, 1973. But, in my view, it does not follow that the writ of attachment issued and served on December 21, 1973, pursuant to the complaint filed on December 20, 1973, is "void," as held in the opinion adopted by the majority.

No claim is made that the attachment itself was faulty in some particular, such as, improper description of the property or defective service of the writ. The only alleged "infirmity" of the attachment is that the complaint filed on December 20, 1973, could not have been sustained, due to the ineffective notice of lien, *if* the plaintiff had been forced to trial. I agree that if plaintiff had been put to trial upon the original complaint he would have failed, not because of any defect in the attachment, but because he could not prove one of the facts essential to establish his right to a lien, i. e., that he had given a timely notice of lien. Accordingly, the attachment would have been dissolved and the property released from the writ. But, the fact is that plaintiff was not thus put to trial and the attachment was not dissolved, but remained in full force and effect, retaining the property in the custody of the court.

Neither do I agree that in order to enforce a mechanics' lien the subject property, if already in the custody of the court, must *again* be attached within 90 days after plaintiff last worked on the job or 90 days after the completion of the project. Of course, under the statute an attachment can be too late to be effective, but, until today's decision, there was no necessity for again attaching property which was already in *custodia legis* by virtue of an earlier attachment. *Nicely v. Nicely*, 8 Tenn.App. 134 (1928); See also *Reed v. Fuller*, 16 Tenn. App. 47, 65 S.W.2d 841 (1932) cert. denied.

Obviously, the Legislature did not foresee the case we have before us, i. e. one in which the property was already in the custody of the court prior to the filing of the notice of lien. But since the only office of the writ of attachment is to bring the property into the custody of the court so that it may be subjected to the decree of the court, I can see no reason to have an additional writ of attachment issued and served. Accordingly, I would hold that following the second notice of lien, filed on July 3, 1974, and the amendment to the complaint, filed on August 26, 1974, there was no necessity to have another attachment filed and served, since the subject property was already in court by virtue of the attachment filed and served on December 21, 1973, which remained undissolved and fully effective.

I am authorized to state that Mr. Justice FONES joins in this dissent.