Thomas L. DAVIS, d/b/a J.L. Davis and Son Excavating and Paving, Plaintiff-Appellee,

v.

Thomas E. SMITH, IV, Defendant-Appellant.

Court of Appeals of Tennessee, Middle Section, at Jackson.

Feb. 15, 1983.

Certiorari Denied by Supreme Court April 25, 1983.

**48**

Larry K. Tolbert, Murfreesboro, for defendant-appellant.

Larry G. Trail, Murfreesboro, for plaintiff-appellee.

## OPINION

TODD, Presiding Judge, Middle Section.

This is a suit under T.C.A. § 64–1101 et seq. (66–11–101 et seq.) to enforce a lien upon real estate for $5,734.75 for excavating and grading for the improvement of said real estate. The defense is that on January 15, 1979, at which time the improvement was "100% complete", the defendant, Thomas E. Smith, IV, filed a notice of completion and that plaintiff failed to notify said defendant of his lien claim within ten (10) days after January 15, 1979. Other defendants are not involved in this appeal.

The Chancellor held that the improvement was not complete on January 15, 1979, that the notice of completion was ineffective, sustained plaintiff's lien claim and awarded an "attachment" to enforce the lien. No question is raised as to the finality of the judgment or the jurisdiction of this Court to entertain an appeal as of right.

Also, no question was raised as to whether the lien of plaintiff was properly preserved by a "suit for attachment" rather than by the issuance and levy of attachment within ninety (90) days after the notice of lien was recorded. See *Knoxville Structural Steel Co. v. Jones,* 46 Tenn.App. 518, 330 S.W.2d 559 (1959).

The defendant, Thomas E. Smith, IV, has appealed and stated the following issue for review:

Was the improvement "substantially complete" as of the date of filing the Notice of Completion?

T.C.A. § 66–11–143 reads in pertinent part as follows:

Protection from unregistered liens—Notice of completion after improvements—Expiration of certain lien rights. —(a) In order to be protected from lien claims which have not previously been registered as provided in §§ 66–11–111, 66–11–112, and 66–11–117, the owner or purchaser of improved real property may upon completion of the improvement or the demolition thereof register in the office of the register of deeds in the county where the real property or any affected part thereof is located a notice of completion, or the owner or purchaser may require a person or organization with whom he has contracted for the improvements or demolition to do so upon completion of the structure or improvement or demolition.

. . . .

(d) Any person claiming a lien for labor or materials upon the property described in the notice of completion who has not previously registered his contract as provided in § 66–11–111 or registered a sworn statement as provided in § 66–11–112 or § 66–11–117 shall send by registered or certified mail written notice addressed to the person, firm or organization and at the address designated in the notice of completion for receiving notice of claims, stating the amount of his claim and certifying that the claim does not include any amount owed to the claimant on any other job or under other contract.

Such written notice shall be timely mailed so as to be received by the addressee not more than ten (10) days after the date of the filing of the notice of completion in the register's office, and if same is not received by the addressee within said time, the lien rights of the claimant shall expire. [Acts 1975, ch. 307, §§ 1–3; T.C.A., §§ 64–1145—64–1147.]

The former owners of the property, Ognio and Magnuson undertook to construct upon the subject property a two story commercial office building including adjacent grades and paving. Said owners contracted with plaintiff to perform all necessary

grading, gravelling and paving. After plaintiff had performed the grading and spread gravel and before the paving was installed, the owners sold the property to defendant Smith who undertook to complete the building for occupancy. As stated above, the issue on appeal is whether the construction was complete on January 15, 1979, when defendant Smith filed the notice of completion in the Register's office. It is conceded that plaintiff did not give defendant statutory notice of lien claim within ten (10) days after January 15, 1979, and that notice of lien was not filed in the Register's office until March 21, 1979.

Defendant testified that the construction was complete on January 15. However, this testimony is contradicted by the testimony of Larry Henry, a heating and air conditioning contractor, that he contracted with the former owners to install all heating and air conditioning equipment and that Smith, the new owner contracted with him to finish the job; that he ceased work in August, but resumed around the end of December under his agreement with Smith; that, at that time certain duct work, return air crates, gas lines and electrical work were not complete; that the work of completing the heating and air conditioning proceeded continuously until January 20, 1979, and thereafter, but not continuously, until February 2, 1979, the last day on which work was done on heating and air conditioning; that the work done on January 20, 1979, consisted of installing "egg crates," thermostat covers and four bath ventilators, including opening holes in walls; that the heating and air conditioning was substantially finished on January 20, but problems required return trips thereafter to and including February 2; that other workmen were present on January 20, installing tile; and that, on that date rolls of carpet were on the job to be installed and painters were "touching up" paint work.

The Chancellor did find that, on January 15, 1979, the building was 99.5% complete. Nevertheless, he concluded that the construction was not "complete" within the contemplation of T.C.A. § 66–11–143, above, which provides, "upon completion of the improvement."

Appellant apparently concedes that the construction was not 100% complete, but insists that "substantial completion" satisfies the requirement of the statute quoted above.

Appellant first relies upon the Chancellor's finding of 99.5% completion. This Court finds no evidence in the record upon which a mathematical calculation of percentage of completion could be based. Accordingly the expression, "99.5% complete," as used by the Chancellor is viewed as a colloquialism expressing a general opinion of near but not perfect completion. Moreover, even if the percentage should be mathematically exact, it is not conclusive of the merits of this case. Incompletion of .5% in dollar value or in area is capable of being of sufficient importance to render a construction project incomplete for purposes of the statute in question. Lienors are generally allowed ninety (90) days from the completion of the structure within which to perfect their liens. T.C.A. § 66–11–112. It would not do to interpret said statute to mean "99.5% completion" or "substantial completion," for lienors would have no accurate standard by which to set the beginning of the ninety (90) day period.

Defendant next relies upon the fact that some tenants had already moved into the building on January 15. The occupation of part of a building is not conclusive of the completion of all of the building.

Defendant next relies upon the fact that plaintiff's last work was performed in October, 1978. This is of no consequence, for plaintiff was waiting for the completion of the building before installing the finish paving, which is customary in the building trade. Moreover, the statute, § 66–11–112 allowed plaintiff until ninety (90) days after completion to assert his claim, regardless of when he performed his last work.

Defendant relies upon the doctrine of "Substantial Completion", citing *J.M. Specialties, Inc. v. United Parcel Service, Inc.,* unpublished, Tenn.App. Middle Section filed August 3, 1979. That opinion does not sup-

port the contention of defendant. Despite a stipulation that on February 17, 1977, the building was "substantially complete", and testimony that it was 99% complete, this Court affirmed the finding of the Chancellor that the building was not complete for lien purposes until March 14, 1977, and that a Notice of Lien filed within ninety (90) days thereafter was timely.

The same opinion discusses *Cooper v. Hunter,* Tenn.App.1978, 569 S.W.2d 852, in which the building was "substantially complete" in September and was said to be 99% complete on October 26; but the electrical system had not been inspected and approved on November 19, 1974. In that case, a notice filed on January 27, 1975, was held to be untimely because the incompletion was not due to failure to completing a part of the construction, but mere imperfections in work already performed which needed only minor corrections.

The present case is distinguishable in that the work being done January 15 through January 20 was work which had never been done, it had been a part of the original plan of construction and without it the construction as planned was incomplete. The work done by the witness, Larry Henry, after January 20 may well have been a correction of imperfections such as occurred in *Cooper v. Hunter;* but the work done by him on and before January 20 was not correction of imperfections.

Defendant takes issue with the testimony of Mr. Henry regarding the uncompleted carpet and painting work. This presents an issue of credibility as to which this Court must defer to the Chancellor who saw and heard the witnesses in person. *Bingham v. Dyersburg,* Tenn.1978, 567 S.W.2d 169; *State ex rel. Balsinger v. Town of Madisonville,* 222 Tenn. 272, 435 S.W.2d 803 (1968).

As observed in *Cooper v. Hunter, supra,* the term "substantial completion" must be interpreted in the light of the peculiar circumstances of each case. The circumstances of this case do not support a finding of completion for the purpose of the statute involved. The installation of a few grills over heating and air conditioning vents may be the correction of a minor imperfection or oversight (although we do not so hold); but drilling holes through walls and installing ventilator ducts and vents is not a correction of a minor oversight or imperfection.

T.C.A. § 66–11–143 provides a drastic procedure whereby a bona fide furnisher of labor or materials may be deprived of his statutory lien by the simple device of recording a certificate of completion. If the lien claimant does not go to the Register's office and examine his records every few days, he will not know of the registered notice of completion and the magic ten (10) days will expire without the required registered mail notice to the person who recorded the notice of completion. There is reason to question the due process constitutionality of the statute. If constitutional, it should be construed strictly to avoid its abuse. The recording of a premature certificate of completion can be an abuse of the unusually advantageous position granted to the recorder of such a certificate.

This Court is satisfied that the Chancellor reached the correct and just result. His judgment is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded for such further proceedings as may be necessary and proper.

Affirmed and remanded.

CANTRELL and CONNER, JJ., concur.