# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 11, 2001 Session

## LEON WILLIAMS GENERAL CONTRACTOR, INC., ET AL. v. HUGH HYATT, ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 146944-3   Sharon Bell, Chancellor**

**AND**

## HUGH HYATT, ET AL. v. LEON WILLIAMS, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-243-00   Dale Workman, Judge**

**FILED FEBRUARY 7, 2002**

**No. E2001-00434-COA-R3-CV**

In this consolidated appeal Leon Williams General Contractor, Inc.,  and Leon Williams, individually and d/b/a Old World Cabinets appeal orders denying their demands for arbitration.  We reverse the order of the Chancery Court denying the demand for arbitration filed by Leon Williams General Contractor, Inc. and affirm the order of the Circuit Court denying the demand for arbitration filed by Leon Williams, individually and d/b/a Old World Cabinets.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed;**
**Judgment of the Circuit Court Affirmed; Causes Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and WILLIAM H. INMAN, SR.J., joined.

Wanda G. Sobieski, Diane M. Messer and Nanette J. Landen, Knoxville, Tennessee, for the Appellants

Charles A. Wagner, III and William Turner Boone, Knoxville, Tennessee, for the Appellees

## OPINION

The Appellants, Leon Williams General Contractors, Inc. (hereinafter 'LWGC') and Leon Williams, individually and d/b/a Old World Cabinets (hereinafter 'Old World') contest orders of the Knox County Chancery and Circuit Courts denying their demands for arbitration of disputes with

respect to renovation work performed by the Appellants on behalf of the Appellees, Dr. Hugh Hyatt and his wife, Jeanne Hyatt. The appeal of the Chancery Court's order is consolidated with the appeal of the Circuit Court's order pursuant to our determination that both cases arise out of the same factual pattern.

The issues presented for our review are restated as follows:

1) Did LWGC waive its right to arbitration under its contract with the Hyatts by filing a complaint in Chancery Court with regard to claims under the contract?

2) Does the contract between the Hyatts and LWGC require that the Hyatts arbitrate disputes with Old World?

Other issues raised in this case are pretermitted by our decision set forth below.

On December 4, 1998, LWGC and the Hyatts entered into a contract to perform renovations on the Hyatts' residence. Thereafter, Old World was employed to perform cabinetry work as part of the renovation project. Although the Hyatts maintain that Ms. Hyatt entered into a separate contract with Old World for the cabinetry work, Old World disagrees and asserts that there was no contract between itself and Ms. Hyatt.

As a result of disputes between Old World and the Hyatts regarding installation of the cabinets, on April 19, 2000, the Hyatts filed a complaint against Old World in the Knox County Circuit Court for breach of the alleged cabinetry contract and for violation of the Tennessee Consumer Protection Act.

On April 26, 2000, LWGC filed a complaint in the Knox County Chancery Court against the Hyatts. In this complaint LWGC seeks to foreclose its contractors lien to recover monies claimed under the renovation contract of December 4, 1998, and asserts that the Hyatts have breached the contract and that they are liable to LWGC in *quantum meruit*, unjust enrichment, and/or quasi contract. In response, the Hyatts filed a counterclaim and answer in which they state that they consider LWGC's filing of the complaint against them to be a waiver of LWGC's right to arbitration under the contract. LWGC filed an answer to the Hyatts counterclaim and, thereafter, filed a demand for arbitration. LWGC's demand for arbitration was denied by order entered September 12, 2000, upon the Court's determination " that by filing the Complaint in this cause, invoking the Court's jurisdiction and seeking judicial relief with respect to the subject matter upon which Plaintiff now seeks arbitration, Plaintiff waived its right to seek arbitration with respect to the subject matter of the Complaint filed in this action."

On May 15, 2000, in the Circuit Court case between the Hyatts and Old World, Old World filed a motion to dismiss the Hyatts' complaint and to stay discovery. This motion was denied and, thereafter, Old World filed a response to the Hyatts' request for production of documents along with its own request for production of documents, interrogatories and requests for admission. Old World also filed a demand for arbitration pursuant to the December 4, 1998, contract between the Hyatts

and LWGC. By order entered December 22, 2000, the Circuit Court denied Old World's demand for arbitration. The record does not reflect the Circuit Court's findings of fact or conclusions of law with respect to its denial of Old World's demand for arbitration.

Pursuant to Tenn. R. Civ. P. 13(d), our standard of review in these non-jury cases is *de novo* upon the records of the Trial Courts with a presumption of correctness as to the Trial Courts' findings of fact. However, there is no such presumption as to findings of law. See *Campbell v. Florida Steel Corporation*, 919 S.W.2d 26 (Tenn. 1996). There is no presumption of correctness as to a court's interpretation of a contract because the interpretation of a contract is a matter of law. See *NSA DBA Benefit Plan, Inc. v. Connecticut Gen. Life Ins. Co.,* 968 S.W.2d 791 (Tenn. Ct. App. 1997). Also, when a trial court makes no findings of fact there is nothing in the record to which a presumption can attach and in such cases we review the record *de novo*, without presumption. See *Devorak v. Patterson*, 907 S.W.2d 815 (Tenn Ct. App. 1995).

The first issue that we address is whether LWGC waived its right to arbitrate under its contract with the Hyatts when it filed its complaint in Chancery Court.

Section 16.1.2 of the contract entered into between LWGC and the Hyatts entitled 'AIA Document A111 **Standard Form of Agreement Between Owner and Contractor**' provides that the general conditions of the contract "are the General Conditions of the Contract for Construction, AIA Document A201, 1987 Edition". Section 4.5.1 of these General Conditions provides in pertinent part as follows:

> **4.5.1 Controversies and Claims Subject to Arbitration.** Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association ....

The Hyatts contend, consistent with the order of the Chancery Court, that LWGC waived its contractual right to arbitration when it sought judicial resolution of arbitrable disputes. We disagree.

Tennessee law provides that "(l)ike any other contract right, the right to arbitration can be waived." See *Southeast Drilling & Blasting Services, Inc. v. BRS Construction Co.,* an unreported opinion of this Court filed in Nashville on July 16, 1997. However, it is our determination in the case before us that the initiation of a lawsuit upon a claim arbitrable under the contract between the Hyatts and LWGC will not result in a waiver of arbitration because Rule 48(a) of the Construction Industry Arbitration Rules of the American Arbitration Association specifically states:

> a) No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

The Hyatts argue that Rule 48(a) is not a term of the contract with LWGC because the Construction Industry Arbitration Rules were not themselves incorporated as terms of the contract. In support of their argument the Hyatts cite the case of *Frierson v. International Agricultural Corp.*,

148 S.W.2d 27 (Tenn. Ct. App. 1940) in which the Court found that a 1915 contract did not incorporate provisions of prior agreements between the same parties. We disagree that the *Frierson* case is analogous to the case at hand.

In *Frierson* the plaintiff argued that a 1915 contract incorporated provisions of prior agreements which had been entered into in 1896, 1909 and 1912 pertaining to the same subject matter. The Court found that the 1915 contract had referred to the prior agreements for the limited purpose of description and was not a re-adoption of the former provisions. The Court further noted that whether the 1915 contract was to be deemed incorporated with the prior agreements should be determined by the intention of the parties as expressed in the 1915 contract and there was no provision in the 1915 contract to indicate that the parties intended to retain the provisions of the prior agreements. Finally, the Court noted that there were conflicting provisions between the 1915 contract and the previous contracts such that both could not be operative and the Court invoked as appropriate by analogy the the rule of statutory interpretation which holds that when a subsequent statute embraces provisions that are contradictory of a previous statute the intention to substitute would be imputed.

The contract between LWGC and the Hyatts does not merely reference the Construction Industry Arbitration Rules of the American Arbitration Association but, rather, specifically states that controversies and claims "shall be settled by arbitration *in accordance* with" such Rules. It is our determination that the plain meaning of the words *in accordance* manifests an intention of the parties that arbitration of disputes under the contract be *governed* by the Rules and; therefore, the Rules are not merely referred to for purposes of description, but are necessarily incorporated as terms of the contract. Also, under the facts in this case, there is no conflict between the incorporated Rules and the contract as there was between provisions in the 1915 contract and the antecedent contracts in the *Frierson* case.

The Hyatts argue in the alternative that, even if Rule 48(a) is deemed to be a term of the contract with LWGC, LWGC waived Rule 48(a) when it waived all other arbitration provisions in the contract by filing its complaint. Acceptance of this argument would require that we ignore the plain meaning of Rule 48(a) and, accordingly, that we ignore the clearly expressed intent of the parties that judicial proceedings not be deemed a waiver of the right to arbitrate. This we decline to do. The Hyatts also cite cases applying law from other jurisdictions for the proposition that a no-waiver provision can be waived where prejudice to the adversary has resulted from participation in a legal proceeding; however, it is our determination that the facts in this case do not support a finding that the Hyatts suffered undue prejudice in this regard and their argument is without merit.

Accordingly, we find that the Chancery Court erred in finding that LWGC waived its right to arbitration with the Hyatts by participating in a judicial proceeding with respect to arbitrable matters.

The next issue we address is whether the contract between the Hyatts and LWGC also requires that the Hyatts arbitrate their disputes with Old World with respect to the installation of the cabinets.

Under Article 6 of the General Conditions of the contract between the Hyatts and LWGC, the 'Owner', i.e. the Hyatts, "reserves the right to perform construction or operations related to the Project with the Owner's own forces, and to award separate contracts in connection with other portions of the Project ..."

Section 6.1.4 of the General Conditions further states:

>  **6.1.4**  Unless otherwise provided in the Contract Documents, when the Owner performs construction or operations related to the Project with the Owner's own forces, the Owner shall be deemed to be subject to the same obligations and to have the same rights which apply to the Contractor under the Conditions of the Contract...

Old World contends that, pursuant to these provisions of Article 6, the arbitration agreement under Article 4.5.1 of the contract between the Hyatts and LWGC applies to the dispute between the Hyatts and Old World and the Hyatts are therefore required to submit the dispute to arbitration. We disagree.

Old World asserts its right to arbitration under a provision in a contract to which it is not a party and there is no evidence presented of any agreement between the Hyatts and Old World to submit disputes between them to arbitration. Old World correctly asserts that a party need not be a signatory to a contract to be bound by an arbitration clause in such contract, citing *Exchange Mutual Insurance Co. v. The Haskell Co.*, 742 F.2d 274 (6th Cir.1984). In *Exchange Mutual* the Court determined that a subcontractor's bonding company was bound to arbitrate even though the only express arbitration clause was contained in a contract between the general contractor and the owner to which contract the bonding company was not a signatory. However, the Court's determination was based on a finding that the performance bond between the bonding company and the subcontractor incorporated by reference the underlying subcontract and the subcontract, in turn, incorporated the contract between the contractor and the owner which contained the arbitration clause. In the case before us we find no arbitration agreement between Old World and the Hyatts, either in a contract between those parties or by incorporation of an arbitration agreement in a separate contract.

In the case of *C.O. Christian & Sons Co., Inc., v. Nashville P.S. Hotel*, *Ltd.*,765 S.W.2d 754 (Tenn. Ct. App. 1988) a subcontractor filed suit against the general contractor and owner to enforce a materialman's lien. The trial court dismissed the subcontractor's complaint with respect to the general contractor because the contract between the subcontractor and the general contractor provided for resolution of disputes by arbitration. The subcontractor's complaint against the owner was dismissed on other grounds. On appeal by the subcontractor the owner's successor, who was now a party to the appeal, argued for dismissal of the subcontractor's suit because of the arbitration clause in the contract between the subcontractor and the general contractor. However, the Court held that an arbitration clause does not bind one not a party to the contract and that an arbitration agreement does not bind either party unless both parties are bound. Finding that neither the owner nor its successor was a party to the contract between the subcontractor and the general contractor,

the Court determined that the successor owner was not bound by the arbitration clause and could not enforce it against the subcontractor. Likewise, in the case *sub judice* Old World is not a party to the contract between the Hyatts and LWGC and, therefore, LWGC is not bound by the arbitration clause in that contract and cannot enforce it against the Hyatts.

For the foregoing reasons the judgment of the Chancery Court is reversed and the judgment of the Circuit Court is affirmed. The cases are remanded for such further proceedings as may be necessary and as to the Chancery Court case for collection of costs below. Costs of appeal, as well as costs below, as to the Chancery Court case are adjudged against Hugh Hyatt and his wife Jeanne Hyatt. Costs of appeal as to the Circuit Court case are adjudged against Leon Williams individually and d/b/a Old World Cabinets and their surety.

_____

HOUSTON M. GODDARD, PRESIDING JUDGE